64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: BRIAN HEAD ENTERPRISES, INC., a Utah corporation, Debtor,
Burton K. NICHOLS and Sally P. Nichols, Appellants,
v.
BRIAN HEAD ENTERPRISES, INC., Appellee.
 No. 94-4223.
(D.C.No. 94-CV-377)
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Burton and Sally Nichols appeal from an order affirming the bankruptcy court's judgment imposing a constructive trust. We affirm.
 
 
 3
 Rene Meyer, Chapter 11 trustee of Brian Head Enterprises, Inc. (BHE), commenced an adversary proceeding against the Nichols, former officers of BHE, to avoid transfers of real property and a $150,000 promissory note from BHE to them.
 
 
 4
 The Nichols counterclaimed, alleging that Meyer had acted negligently in his capacity as trustee. Meyer moved for summary judgment on the counterclaim. On August 30, 1991, the bankruptcy court granted Meyer's motion and entered judgment in his favor on the counterclaim. Aplt's App. at 51-53. The Nichols appealed, but the district court dismissed the appeal because the judgment was not final.
 
 
 5
 The bankruptcy court ordered the Nichols' answer stricken and precluded them from disputing any of the factual allegations in the complaint as a sanction for their willful failure to attend a deposition. Aple's Supp.App. at 3-4. BHE, which had been substituted for Meyer as the real party in interest, then moved for summary judgment. It requested that the court impose a constructive trust on the traceable assets of BHE which the Nichols had removed. On September 14, 1992, the bankruptcy court granted BHE summary judgment and imposed a constructive trust in favor of BHE. Id. at 24-34.
 
 
 6
 The Nichols appealed the September 14, 1992 summary judgment (second appeal) challenging the imposition of a constructive trust. The district court held in relevant part that the bankruptcy court could have imposed a constructive trust, even though the complaint did not request one, because Fed.R.Civ.P. 54(c) permits a court to grant relief although the party in whose favor judgment is rendered has not demanded such relief in the party's pleadings. However, the court found a genuine issue as to one of the elements of a constructive trust and remanded for an evidentiary hearing. Aplt's App. at 58-80.
 
 
 7
 On remand, following trial, the bankruptcy court again entered judgment against the Nichols imposing a constructive trust for the benefit of BHE. Id. at 91-93. The Nichols appealed (third appeal). The district court concluded that the law of the case precluded the Nichols from rearguing that the bankruptcy court could not impose a constructive trust. It also held the Nichols could not challenge the August 30, 1991 judgment on their counterclaim because that judgment should have been challenged in the second appeal. It noted the second appeal was from a final bankruptcy court judgment, and all appealable issues therefore should have been raised at that time. The district court affirmed the judgment imposing the constructive trust.
 
 
 8
 The law of the case is "a judicial doctrine designed to promote decisional finality. Once a court decides an issue, the doctrine comes into play to prevent the re-litigation of that issue in subsequent proceedings in the same case." Pittsburgh & Midway Coal Mining Co. v. Watchman, 52 F.3d 1531, 1536 n. 4 (10th Cir.1995). Unlike the doctrines of res judicata or collateral estoppel, the law of the case doctrine is only a rule of practice and not a limit on the courts' power. Id. An exception to the law of the case doctrine exists if the first decision was clearly erroneous. Id.
 
 
 9
 The Nichols do not specifically address the law of the case doctrine, but argue that the principle under Rule 54(c), on which the district court in the second appeal relied, does not apply to default judgments. Rather, when a default judgment is entered, Rule 54(c) precludes entry of judgment "different in kind from or exceed[ing] in amount that prayed for in the demand for judgment." Under this clause in Rule 54(c), the Nichols claim, the bankruptcy court could not have imposed a constructive trust because such relief was different in kind from that prayed for in the complaint. Thus, the Nichols' contention could be read as a claim that law of the case is inapplicable because the decision in the second appeal on this issue was clearly erroneous.
 
 
 10
 However, the flaw in their argument is that the constructive trust was not imposed in a default judgment. Although the Nichols were precluded from disputing the factual allegations in the complaint as a discovery sanction, no default judgment was entered. See Fed.R.Civ.P. 37(d), incorporating Rule 37(b)(2)(C) (distinguishing between sanction of striking pleadings and rendering default judgment). In this respect, the present case is distinguishable from Fong v. United States, 300 F.2d 400 (9th Cir.), cert. denied, 370 U.S. 938 (1962), on which the Nichols rely, in that a default judgment was entered in that case. Id. at 405. We conclude the district court's decision in the second appeal--that imposition of a constructive trust was permitted although it was not demanded in the complaint--is not clearly erroneous. The district court properly relied on the law of the case doctrine in refusing to revisit this issue in the third appeal.
 
 
 11
 The Nichols also contend that BHE's complaint contained allegations it knew were false. The bankruptcy court precluded the Nichols from challenging the factual allegations in the complaint as a sanction for their discovery violation. The district court affirmed this decision in the second appeal. The Nichols cannot now challenge the veracity of those allegations.
 
 
 12
 Finally, the Nichols attack the district court's decision precluding them from challenging the August 30, 1991 summary judgment on their counterclaim. They argue that the district court erred in concluding the summary judgment appealed in the second appeal was a final, appealable order, noting their appeal of the August 30, 1991 summary judgment on the counterclaim was dismissed as premature. The Nichols have confused the summary judgment appealed in the first appeal with the summary judgment appealed in the second. The district court did not hold the Nichols should have immediately appealed from the August 30, 1991 summary judgment. Rather, it held they should have challenged the August 30, 1991 summary judgment in their second appeal because that appeal was from a final judgment.
 
 
 13
 The Nichols also assert the September 14, 1992 summary judgment appealed in the second appeal was not final because it did not dispose of the claims against all litigants. This contention was not raised in the district court. The general rule is that we do not consider issues raised for the first time on appeal. Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-22 (10th Cir.1993). No reasons have been presented warranting a departure from this rule. We therefore do not address the contention.
 
 
 14
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470